IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENNIS FISHER, | § | |
| TDCJ-CID NO.1110956, | § | |
|       Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-05-3150 |
| DOUG DRETKE, Director of the Texas | § | |
| Department of Criminal Justice-Correctional | § | |
| Institutions Division, | § | |
|       Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Dennis Fisher, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2002 conviction for aggravated sexual assault of a child in cause number 885944. (Docket Entry No.1). Respondent has filed a motion for summary judgment seeking dismissal of the petition on the grounds that the Court is procedurally barred from considering petitioner's sufficiency of the evidence claim, and the state court's adjudication of petitioner's ineffective assistance of counsel claim is not in conflict with clearly established federal law nor an unreasonable determination of the facts in light of the evidence. (Docket Entry No.9). Petitioner has not filed a response to the motion. After considering all pleadings and the entire record, the Court will grant respondent's motion for summary judgment and deny petitioner federal habeas relief.

I. BACKGROUND AND PROCEDURAL HISTORY

Petitioner was indicted in cause number 885944 of aggravated sexual assault of a child, enhanced by a prior conviction. (Docket Entry No.1). A jury in the 263rd District Court of Harris County, Texas found him guilty as charged and assessed punishment at confinement for life in

TDCJ-CID. (*Id.*). On appeal, petitioner challenged the state district court's admission of testimony, which he claimed bolstered the complainant's credibility. *Fisher v. State*, 121 S.W.3d 38 (Tex. App.–San Antonio), pet. ref'd). The Fourth Court of Appeals for the State of Texas found no error in the admission of the testimony and held, in the alternative, that if the trial court abused its discretion in admitting the testimony, the error was harmless. *Fisher*, 121 S.W.3d at 40–42; (Docket Entry No.10, part 2, page 20). In its opinion affirming the conviction, the state intermediate court of appeals summarized pertinent testimony that the jury heard at trial, as follows:

> In November 1998, Peggy Turner, an investigator for the Texas Department of Protective and Regulatory Services received a referral that Alice was living in a home with a suspected sex offender. Turner interviewed Alice, then age six, at her elementary school, and during that interview, Alice informed Turner that her uncle, Dennis Fisher, had abused her almost a year earlier. Alice also told Turner that she had been abused by her brother Brian and her cousin Charles. The record indicates that Brian and Charles were both six or seven at the time.

> At the May 2002 trial, the State called Alice, then ten years old, as its first witness. She testified that in December of 1997, when she was five years old, her uncle Dennis Fisher visited the home where she lived with her aunt. She stated that Fisher took her into the detached garage and placed her on a set of tires. Fisher pulled her pants down, and then pulled his pants and underwear down. Alice described her legs as being apart and Fisher putting his penis inside her. Alice testified that Fisher moved his penis around inside her, then pulled up his pants, and pulled up her pants. Alice testified that before they left the garage, Fisher instructed her to not tell anyone.

> The State also called Felicia Fisher, Alice's aunt and legal guardian. Felicia Fisher corroborated Alice's testimony that Dennis Fisher visited their home in December of 1997. She gave a description of the garage with burglar bars and a set of spare tires that matched the testimony given by Alice.

*Id.* at 39-40; (Docket Entry No.10, part 2, pages 16-18). The Texas Court of Criminal Appeals refused his petition for discretionary review. (Docket Entry No.1);

Petitioner filed a state application for writ of habeas corpus with the state district court, raising the following claims:

1.      He was denied equal protection and due process because there was no evidence to support his conviction for aggravated sexual assault of a child and no evidence to show that he penetrated the sexual organ of a child;

2.      The state district court abused its discretion in admitting testimony that bolstered complainant's credibility and finding such admission to be harmless;

3.      He was denied the effective assistance of counsel at trial; and,

4.      He is actually innocent.

*Ex parte Fisher*, Application No. 61,275-01; (Docket Entry No.10, part 1, pages 8-22).  The state district court entered findings, recommending that habeas corpus relief be denied.  (Docket Entry No.10, part 2, pages 34-41).  The Texas Court of Criminal Appeals denied state habeas corpus relief without written order on the findings of the trial court without a hearing.  *Ex parte Fisher*, Application No. 61,275-01 at cover; (Docket Entry No.10, part 1, page 3).

In the pending petition, petitioner seeks federal habeas relief on the following grounds:

1.      The evidence is legally insufficient to support a conviction for aggravated sexual assault of a child;

2.      He was denied the effective assistance of counsel at trial; and,

3.      He is actually innocent.

(Docket Entry No.1).

Respondent has filed a motion for summary judgment seeking dismissal of the petition on the grounds that the Court is procedurally barred from considering petitioner's sufficiency of the evidence claim and one challenge to the effectiveness of his trial counsel and petitioner has not met his burden of proof under 28 U.S.C. § 2254(d) that would entitle him to federal habeas relief.  (Docket Entry No.9).

## II. ANALYSIS

### A. Summary Judgment

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

### B. The Antiterrorism and Effective Death Penalty Act of 1996

Petitioner's federal habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

4

The petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000).   In this case, petitioner presented claims in a petition for discretionary review, which the Texas Court of Criminal Appeals refused, and in a state habeas application, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court without a hearing.   As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of a claim. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)).   Therefore, only those claims properly raised by petitioner in his petition for discretionary review and in his state habeas application have been adjudicated on the merits by the state courts.

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) hold that this Court shall not grant relief unless the state court's adjudication:

    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2); *Williams*, 529 U.S. at 411-13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).   Courts are to review pure questions of law and mixed questions of law and fact under subsection (d)(1), and pure questions of fact under subsection (d)(2). *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness." *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)).   Under this standard, a federal court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d

77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers").

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle. . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.* To be unreasonable, the state decision must be more than merely incorrect. *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'" *Id.* Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules. *Smith*, 311 F.3d at 668 (citing Rule 11 of the Rules Governing Section 2254 Cases in District Courts). Therefore, section 2254 (e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *Id.* Unless the petitioner can "rebut[]

the presumption of correctness by clear and convincing evidence" as to the state court's findings of

fact, those findings must be accepted as correct.  *Id.*

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those

drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255

(5th Cir. 1999).  Thus, *pro se* pleadings are entitled to a liberal construction that includes all

reasonable inferences that can be drawn from them.  *Haines*, 404 U.S. at 521.  Nevertheless, "the

notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to

advise a *pro se* party of his burden in opposing a summary judgment motion.  *Martin v. Harrison*

*County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

C. Procedurally Barred Claims

1. Ineffective Assistance of Counsel

Respondent contends that the Court is procedurally barred from considering petitioner's claim

that his trial counsel was constitutionally ineffective because he did not file certain pretrial motions.

(Docket Entry No.9).

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may

obtain federal habeas corpus relief."  *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  The

doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of

federal/state comity.  *Coleman v. Thompson*, 501 U.S. 722 (1991).  Those statutes provide in

pertinent part as follows:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted unless it appears
that  –

7

(A)   the applicant has exhausted the remedies available in the courts of the State; or

(B)(i)   there is an absence of available State corrective process; or

(ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

* * * *

(c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (b) – (c).  Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court.  *Castille v. Peoples*, 489 U.S. 346 (1989);  *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999).  In Texas, exhaustion may take one of two paths:  (1) the petitioner may file a direct appeal followed, if necessary, by a Petition for Discretionary Review in the Texas Court of Criminal Appeals, or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court which, if denied, is automatically transmitted to the Texas Court of Criminal Appeals.  *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).  Because petitioner did not raise this ground in his petition for discretionary review or in his state habeas application, he has presented an unexhausted claim in this federal habeas petition.

Ordinarily, a federal habeas petition that contains unexhausted claims is dismissed, allowing the petitioner to return to the state forum to present his unexhausted claims.  *Rose v. Lundy*, 455 U.S. 509 (1982).  Respondent, however, contends such a result in this case would be futile because petitioner's unexhausted claim would be procedurally barred as an abuse of the writ under Texas law. (Docket Entry No.9).

On habeas review, a federal court may not consider a state inmate's claim if the state court based its rejection of that claim on an independent and adequate state ground. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996). A procedural bar for federal habeas review also occurs if the court, to which a petitioner must present his claims to satisfy the exhaustion requirement, would now find the unexhausted claims procedurally barred. *Coleman,* 501 U.S. at 735 n.1.

Texas prohibits successive writs challenging the same conviction except in narrow circumstances. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a) (Vernon 2005). The Texas Court of Criminal Appeals will not consider the merits or grant relief on a subsequent habeas application unless the application contains sufficient specific facts establishing the following:

(1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or

(2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

*Id.* The Texas Court of Criminal Appeals applies its abuse of the writ doctrine regularly and strictly. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (per curiam).

Petitioner's pleadings do not contain specific facts to establish that this claim could not have been raised in his petition for discretionary review or in his state habeas application. Petitioner, however, maintains he is actually innocent, albeit in a separate ground for relief. To establish actual innocence, "the petitioner must support his allegations with new, reliable evidence that was not presented at trial and show that it was 'more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir.1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). "Examples of new, reliable evidence

9

that may establish factual innocence include exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence." *Id.* Petitioner presents no new evidence.[1] Therefore, to avoid the procedural bar, petitioner must demonstrate both cause and actual prejudice.

The United States Supreme Court has held that "the existence of cause for procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753. "Examples of external impediments include active government interference or the reasonable unavailability of the factual or legal basis for the claim." *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). Actual prejudice requires a showing that, based on the success of the underlying defaulted claim, the result of the proceeding would somehow have been different. *Barrientes v. Johnson*, 221 F.3d 741, 769 (5th Cir. 2000).

Petitioner has been given notice through respondent's motion for summary judgment that the Court would consider a dismissal of claims under the procedural default doctrine and has been given an opportunity to respond with any argument he may have opposing dismissal in a response to the motion for summary judgment. *See Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998). Petitioner did not, however, respond to the motion for summary judgment and his pleadings do not demonstrate either cause and actual prejudice necessary to avoid the procedural bar. Accordingly, petitioner's claim that his trial counsel was ineffective because he allegedly did not file certain pre-trial motions is procedurally barred.

---

[1]  A *Schlup* actual innocence claim involves evidence the trial jury did not have before it. *House v. Bell*, __U.S.__, 2006 WL 1584475 (2006). Petitioner relies on evidence the jury heard, *i.e.*, testimony of an outcry witness testimony, which he claims bolstered complainant's credibility.  (Docket Entry No.3).

Respondent is entitled to summary judgment on this claim.

### 2. Sufficiency of the Evidence

Respondent next contends that the Court is precluded from considering petitioner's claim that the evidence is insufficient to support his conviction because petitioner is procedurally barred from asserting the claim in state court, having failed to raise it on direct appeal.  (Docket Entry No.9). Federal review of a claim is procedurally barred if the last state court to consider the claim clearly based its denial of relief on procedural default.  *Ylst v. Nunnemaker*, 501 U.S. 797, 802-04, (1991). In this case, the state habeas court relied upon *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994), and recommended that state habeas relief be denied because "[c]hallenges to the sufficiency of the evidence are not cognizable in post-conviction habeas proceedings."  *Ex parte Fisher*, Application No.885944-A at 67; (Docket Entry No.10, part 2, page 34).  This finding by the state habeas court is the last reasoned opinion to rest its judgment on the procedural default. Accordingly, petitioner's sufficiency-of-the-evidence claim is barred under the doctrine of procedural default unless the petition can show that he fits within an exception to that rule.

Petitioner's pleadings do not contain specific facts to establish that this claim could not have been raised on direct appeal or in his petition for discretionary review.  Moreover, as previously discussed, petitioner has not presented any evidence to show that he is actually innocent or that he otherwise fits within the fundamental miscarriage of justice exception.  Petitioner did not file a response to the motion for summary judgment and his pleadings fail to demonstrate cause for his procedural default.  Accordingly, his claim that the evidence is insufficient to support his conviction is barred.  Respondent's motion for summary judgment on this claim will be granted.

11

## C. Actual Innocence

Respondent maintains that petitioner's claim that he is actually innocent does not state a claim for federal habeas relief.  Likewise, petitioner's claim that the evidence is factually insufficient to support his conviction is not cognizable on federal habeas review.  Factual insufficiency is a state-created law, by which an appellate court examines the fact-finder's weighing of the evidence.  *Clewis v. State*, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996).  Factual innocence, for purposes of federal review, equates to actual innocence whereby petitioner must show, as a factual matter, that he did not commit the crime of conviction.  *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)).  Supreme Court jurisprudence does not support an independent claim for federal habeas relief based on an allegation of actual innocence.  *Graham v. Johnson*, 168 F.3d 762, 788 (5th Cir. 1999). Although a petitioner whose claims are otherwise barred from consideration as an abuse of the writ may obtain federal habeas review of those claims upon a showing of actual innocence, "a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  *Herrera v. Collins*, 506 U.S. 390, 399 (1993); *see also Schlup*, 513 U.S. at 315-16.  Accordingly, the Court will grant respondent's motion for summary judgment on this ground.

## D. Ineffective Assistance of Counsel

Finally, respondent maintains that petitioner's claims that his trial counsel was ineffective are conclusory or without merit.  (Docket Entry No.9).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel.  U.S. CONST. amend. VI.  A federal habeas corpus

petitioner's claim that he was denied effective assistance of trial counsel is measured by the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on an ineffective assistance of counsel claim, petitioner must establish that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Ogan v. Cockrell*, 297 F.3d 349, 360 (5th Cir. 2002) (citing *Strickland*, 466 U.S. at 692). The failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

Counsel's performance is deficient when the representation falls below an objective standard of reasonableness. *Ogan*, 297 F.3d at 360. Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption" that "trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *West v. Johnson,* 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1993). Mere "error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 687-90. A deficiency in counsel's performance, standing alone, does not equal ineffective assistance of counsel if no actual prejudice is demonstrated.

Counsel's deficient performance results in actual prejudice when a reasonable probability exists "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Confidence in the outcome of the trial is undermined when counsel's deficient performance renders "the result of the trial unreliable or the proceeding

fundamentally unfair." *Pratt v. Cain*, 142 F.3d 226, 232 (5th Cir. 1998) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)).   "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Pratt*, 142 F.3d at 232 (quoting *Lockhart*, 506 U.S. at 372).

A claim of ineffective assistance of counsel presents a mixed question of law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001).

The state habeas court considered petitioner's claims that his trial counsel rendered constitutionally ineffective assistance and entered findings that petitioner failed to allege facts showing that trial counsel's conduct was deficient or that petitioner was prejudiced by the allegedly deficient performance.  (Docket Entry No.10, part 2, pages 34-35).  The state habeas court further found that "[t]he totality of the representation afforded the applicant was sufficient to protect his right to reasonably effective assistance of counsel in the primary case." (*Id.*, page 35).  The Texas Court of Criminal Appeals denied petitioner relief on these findings.  (*Id.*, part 1, page 3).

Because petitioner's ineffective-assistance claims were previously considered and rejected on state habeas corpus review, the state court's decision on those claims will be overturned only if it is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

Petitioner maintains his trial counsel was constitutionally ineffective because he failed to interview witnesses and failed to make the State prove its case.  (Docket Entry No.1).

### 1. Failure to Investigate

Petitioner complains that his trial counsel failed to investigate the facts of the case, to interview the victim, the State's witnesses, or the expert witness.  (Docket Entries No.1, No.3).  A

14

petitioner who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).  In this case, petitioner fails to allege anything that such an investigation would have revealed or how it would have altered the outcome of the trial.

The Fifth Circuit "has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).  "'In the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial, [the Court can find] no merit to these [claims].'"  *Id.* quoting *Barnard v. Collins*, 958 F.2d 634, 642 (5th Cir.1992).

## 2. Failure to Make the State Prove Its Case

Petitioner also claims his trial counsel was ineffective because he failed to make the State prove the essential elements of aggravated sexual assault of a child beyond a reasonable doubt. (Docket Entry No.1).  Specifically, petitioner complains that the State failed to prove that he penetrated complainant's sexual organ because there was no direct evidence of penetration.  (Docket Entry No.3).  The record, however, belies petitioner's claim that the State failed to prove the elements of aggravated sexual assault of a child.

The indictment charged petitioner with aggravated sexual assault of a child by contact pursuant to section 22.021 (a)(1)(B)(iii) of the Texas Penal Code.  (Docket Entry No.10, part 3, page 14).  Section 22.021 provides that a person commits an offense if he intentionally or knowingly causes the sexual organ of a child to contact or penetrate the sexual organ of another person,

including the actor.  TEX. PENAL CODE ANN. § 22.021 (a)(1)(B)(iii) (Vernon 2003).  Complainant testified that petitioner pulled her pants down and then pulled his down.  (Docket Entry No.10, part 8, pages 20-21).  She further attested that petitioner penetrated her private part with his sexual organ.  (*Id.*, page 22).  Although complainant also testified that other siblings had sexually assaulted her, her testimony of petitioner's sexual conduct constitutes evidence that petitioner engaged in sexual contact in violation of section 22.021, as charged in the indictment.

The record also supports the state habeas court's finding that trial counsel provided reasonably effective assistance of counsel during the guilt-innocence phase of trial.  Petitioner's trial counsel vigorously cross-examined complainant about the assault, her clothing and shoes, evidence of assaults by other family members, whether her testimony was coached, the location of the assault, and inconsistencies in her testimony and prior statements.  (*Id.* part 8, pages 32-41; part 9, pages 2-34; part 10, pages 6-13).  Trial counsel also presented the testimony of two witnesses who attested that petitioner was not in Houston at the time of the alleged assault.  (*Id.*, part 13, pages 6-17).

Petitioner fails to show that trial counsel's performance was deficient given this record and that he was prejudiced by such deficient performance.  Accordingly, respondent is entitled to summary judgment on this ground.

## III. <u>CERTIFICATE OF APPEALABILITY</u>

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S.

473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, a certificate of appealability from this decision will not issue.

IV. <u>CONCLUSION</u>

Finding no unreasonable application of clearly established federal law in the record of the state habeas proceeding, the Court ORDERS the following:

1.    Respondent's motion for summary judgment (Docket Entry No.9) is GRANTED.

2.    Petitioner's claims against respondent are DISMISSED, with prejudice.

3.    A certificate of appealability is DENIED.

4.      All pending motions, if any, are DENIED.

The Clerk will provide a copy to the parties.

Signed at Houston, Texas, on July 27, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE